**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**PHILADELPHIA INDEMNITY
INSURANCE COMPANY**                                                                                     **PLAINTIFF**

**V.**                                                              **CIVIL ACTION NO. 2:16-CV-43-KS-MTP**

**NESHOBA COUNTY FAIR ASSOCIATION, INC.,
NIEL LITTLE AND WENDY LITTLE on behalf of
all wrongful death beneficiaries of Christopher Blaine
Little, Deceased, and ABC INDIVIDUALS 1-20 AND
XYZ ENTITIES 1-20**                                                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss Counterclaim ("Motion to Dismiss") [22] filed by Plaintiff Philadelphia Indemnity Insurance Company. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

**I. BACKGROUND**

On April 8, 2016, Plaintiff Philadelphia Indemnity Insurance Company ("PIIC") filed this declaratory judgment action against Defendants Neshoba County Fair Association, Inc. ("Neshoba") and Niel and Wendy Little (the "Littles"). PIIC requests the Court enter a judgment pursuant to 28 U.S.C. § 2201, declaring that an insurance policy issued by PIIC to Neshoba does not require PIIC to defend or indemnify Neshoba in a wrongful death lawsuit filed by the Littles.

The Littles filed their Answer [17] on September 7, 2016. In it, they assert a counterclaim against PIIC. This counterclaim states that, in the event that the Court does not find PIIC liable under its insurance policy with Neshoba, the Littles "are entitled to relief directly from PIIC due to PIIC's gross failure to provide adequate insurance coverage, and based on the detrimental reliance of Neshoba County Fairgoers and event participants that such coverage existed and subsequent

damages." (Answer [17] at p. 10.) Christopher Little, the decedent, died after an accident during a horse race, which the Littles claim is a regular event held on the fairgrounds. The Littles claim that PIIC had a duty to provide insurance for events such as these.

On September 28, 2016, PIIC filed the current Motion to Dismiss [22], arguing that the Littles' counterclaim against it was contrary to law. After considering the submissions of the parties, the record, and the applicable law, the Court is now ready to rule.

## II.  DISCUSSION

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555). Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted).

The Court is far from certain what cause of action the Littles purport to bring in their counterclaim, but they assert that PIIC, an insurance company, held a duty to provide insurance for all of Neshoba's events and that this duty was to all of the fair-goers and event participants, not just to Neshoba. In their Response [34], the Littles have pointed to no authority under Mississippi law

that would create such a duty, and the Court is unaware of such authority's existence. Without any legal basis for PIIC's duty to participants and fair-goers, the Court will not create one now.

The Littles also argue that their counterclaim creates a cause of action when combined with its cross-claim against Neshoba, but this argument holds no weight. For the counterclaim to survive a 12(b)(6) motion, it must be able to stand, on its own, as pleaded in the Littles' Answer [17]. The Court finds that it cannot.

Therefore, for the foregoing reasons, the Court will **grant** PIIC's Motion to Dismiss [22], and the counterclaim will be **dismissed with prejudice**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that PIIC's Motion to Dismiss [22] is **granted**. The Littles' counterclaim against PIIC is **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this the 8th day of November, 2016.

                                   *s/Keith Starrett*
                                   UNITED STATES DISTRICT JUDGE