IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PHILADELPHIA INDEMNITY**
**INSURANCE COMPANY**                                                                                    **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 2:16-CV-43-KS-MTP**

**NESHOBA COUNTY FAIR ASSOCIATION, INC.,**
**NIEL LITTLE AND WENDY LITTLE on behalf of**
**all wrongful death beneficiaries of Christopher Blaine**
**Little, Deceased, and ABC INDIVIDUALS 1-20 AND**
**XYZ ENTITIES 1-20**                                                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Third-Party Complaint ("Motion to Dismiss") [38] filed by Third-Party Defendant Renasant Insurance, Inc.. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

## I. BACKGROUND

On April 8, 2016, Plaintiff Philadelphia Indemnity Insurance Company ("PIIC") filed this declaratory judgment action against Defendants Neshoba County Fair Association, Inc. ("Neshoba") and Niel and Wendy Little (the "Littles"). PIIC requests the Court enter a judgment pursuant to 28 U.S.C. § 2201, declaring that an insurance policy issued by PIIC to Neshoba does not require PIIC to defend or indemnify Neshoba in a wrongful death lawsuit filed by the Littles.

The Littles filed their Answer [17] on September 7, 2016. In it, they asserted a counterclaim against PIIC, a cross-claim against Neshoba, and a Third-Party Complaint against Renasant Insurance, Inc. ("Renasant"). Christopher Little, the decedent, died after an accident during a horse race, which the Littles claim is a regular event held on the fairgrounds. The Littles claim that Renasant is liable to them for its failure to procure adequate insurance coverage for Neshoba

On November 8, 2016, the Court dismissed the Littles counterclaim against PIIC. Renasant filed the current Motion to Dismiss [38] on November 23, 2016, arguing that the Third-Party Complaint against it is improperly brought under Federal Rule of Civil Procedure 14.

## II.  DISCUSSION

Federal Rule of Civil Procedure 14(a)(1) authorizes a third-party complaint against "a nonparty who is or may be liable to [a defendant] for all or part of the claim against it." This rule limits third-party claims, then, to those claims which spring from "some form of derivative or secondary liability of the third-party defendant to the third-party plaintiff." *First Bank & Trust v. Emp'rs Mut. Cas. Co.*, 268 F.R.D. 275, 277 (S.D. Miss. 2010). The Fifth Circuit has explained that "an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967); *see also First Bank*, 268 F.R.D. at 277.

There is no doubt that the Littles' third-party claim against Renasant is "an entirely separate and independent claim." The only claim brought by PIIC in the original Complaint [1] is a claim for declaratory judgment holding that PIIC is not liable under the insurance policy it issued to Neshoba. The Littles concede that "normally, as a third-party to the underlying insurance contract/policy, they would not have standing to assert claims against Renasant Insurance, Inc. ("Renasant"), in its role in the insurance dispute." (Response [42] at p. 2.) They argue, though, that "this is no longer an ordinary insurance dispute" and their Third-Party Complaint should not be dismissed. (*Id.*) The Littles give no reason why this is not an ordinary insurance dispute, nor do they cite any authority which would make their third-party claims procedurally proper. Because Rule 14 does not allow these claims to be brought in this action, the Court will **grant** Renasant's Motion to Dismiss [38]. However, because the Court makes no ruling on the merits of the Third-

2

Party Complaint and only finds that it is procedurally improper, it will be **dismissed without prejudice**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Renasant's Motion to Dismiss [38] is **granted**.  The Third-Party Complaint is **dismissed without prejudice**.

SO ORDERED AND ADJUDGED this the ___20th___ day of December, 2016.


                                             ___s/Keith Starrett___
                                             KEITH STARRETT
                                             UNITED STATES DISTRICT JUDGE